UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| KELVIN FORD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 2:17-cv-00093-WTL-MJD |
| | ) | |
| WARDEN USP TERRE HAUTE, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The pleadings and the expanded record in this action for a writ of habeas corpus establish the following:

1. On March 11, 2016, an incident report was issued in No. 2825870 charging Kelvin Ford, a federal prisoner, with violating prison rules by *Assaulting Any Person (Serious Injury)*. He was given a copy of the incident report on that same date and was notified of his procedural rights in the matter on March 21, 2016.

2. The charge in No. 2825870 was amended on January 19, 2017 to *Assaulting without Serious Injury*.

3. A hearing was conducted and upon consideration of the evidence the hearing officer found that on the evening of February 1, 2016 Ford committed the prohibited act of *Assaulting without Serious Injury*.

4. Upon the finding described above, Ford was sanctioned with the loss of earned good time and in other respects.

## II.

Ford claims in this proceeding that his right to due process was violated in connection with the disciplinary proceeding described in Part I of this Entry.

"A necessary predicate for the granting of federal habeas relief [to a petitioner] is a determination by the federal court that [his or her] custody violates the Constitution, laws, or treaties of the United States." *Rose v. Hodges,* 423 U.S. 19, 21 (1975).

Inmates in the custody of the Bureau of Prisons can challenge the loss of good conduct credit by way of a petition for habeas relief pursuant to 28 U.S.C. § 2241. *Jackson v. Carlson,* 707 F.2d 943, 946 (7th Cir. 1983). When a hearing may result in the loss of good conduct time credits, due process requires that the prisoner receive these protections: 1) written notice of the claimed violation at least twenty-four (24) hours in advance of the hearing; 2) an opportunity to call witnesses and present documentary evidence in his or her defense when doing so would not be unduly hazardous to institutional safety or correctional goals; 3) aid in presenting a defense if the inmate is illiterate or the complexity of the case makes it unlikely that the inmate will be able to collect and present the necessary evidence for an adequate comprehension of the case; 4) an impartial tribunal; and 5) a written statement by the factfinder as to evidence relied on and reasons for the disciplinary action. *See Wolff v. McDonnell,* 418 U.S. 539, 564–572 (1974). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985). However, the "failure to adhere to administrative regulations does not equate to a constitutional violation."

*Hovater v. Robinson*, 1 F.3d 1063, 1068 n.4 (10th Cir. 1993) (citation omitted); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (per curiam) (citations omitted). While prisoners may expect prison officials to follow their own procedures, the regulations themselves do not create a protected liberty interest or define the procedural requirements of due process. *Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011); *Miller v. Henman,* 804 F.2d 421, 424–26 (7th Cir. 1986).

Applying the requirements of *Wolff* and *Hill* as an analytical template, Ford received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Ford was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed. Ford's claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

- Ford complains that he was unable to file an administrative appeal because he was not supplied with certain paperwork. However, the action is not being resolved on the basis of non-exhaustion of administrative remedies, so Ford has not been prejudiced by whatever paperwork did not reach him in a timely fashion.

- Ford argues that authorities failed to follow various policies before and during the challenged disciplinary proceeding. These arguments, however, are insufficient to support the relief he seeks. *See Keller v. Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (in a habeas action, an inmate "has no cognizable claim arising from the prison's application of its regulations."). These arguments are therefore insufficient to warrant the habeas corpus relief Ford seeks.

- Ford complains that that there were irregularities with the unit team committee, but these are beside the point because it is the decision of and processes with the hearing officer that either do or do not measure up to the requirements of *Wolff*.

- Ford complains that the deficiencies in the challenged disciplinary proceeding resulted in a monetary loss of $46.00. However, damages are not available in a habeas action. *Preiser v. Rodriguez,* 411 U.S. 475, 494 (1973).

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions in No. 2825870, and there was no constitutional infirmity in the proceeding which entitles Ford to the relief he seeks. Accordingly, Ford's petition for a writ of habeas corpus must be **denied** and the action dismissed.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: 8/7/2017

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

KELVIN FORD
17678-083
LEWISBURG - USP
LEWISBURG U.S. PENITENTIARY
Inmate Mail/Parcels
P.O. BOX 1000
LEWISBURG, PA 17837

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE
shelese.woods@usdoj.gov